UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____ x

                                                                            Case No. 24-CV-6863 (JPO)

JOSEPH J. CECCARELLI and SUSAN
L. CECCARELLI
                              Plaintiffs,

                  -v-

MORGAN STANLEY PRIVATE BANK,
N,A.et al.,
                              Defendants.

_____x


**SUPPLEMENTAL DECLARATION BY JOSEPH J. CECCARELLI IN SUPPORT OF PRELIMINARY INJUNCTION MOTION TO PRESERVE STATUS QUO AND STAY ENFORCEMENT OF STATE COURT JUDGMENT OF FORECLOSURE PENDING THE DETERMINATION OF THEIR FEDERAL TRUTH IN LENDING ACT CLAIMS ON THE MERITS AND FOR RELATED RELIEF**

       Joseph J. Ceccarelli, declares the following:

       1. I am an attorney duly admitted to the practice before this court and a member of Ceccarelli Law Firm PLLC. I am also a party Plaintiff Homeowner in this action, for claims under Federal Truth in Lending Act ("TILA") 15 U.S.C § 1640 and 1641 (Claim One), and to vacate, set aside and permanently stay enforcement of the related state foreclosure judgment (Claim Two). (Amended Complaint, Dkt. no. 8).[1]

       2. Having resided with my wife, Susan L. Ceccarelli in our apartment 28B and only residence at 200 East 32nd Street, New York, New York, who is a named co-party plaintiff homeowner in this action since 2000, where we are raising our son, Giacomo (hereinafter at

---

[1] Reference to supporting allegations in the Amended Complaint herein is preceded by "AC" followed by " ¶."

times, the "Homeowners" or "Ceccarellis"), I am fully familiar with the facts and circumstances set forth below.

3. This Declaration is submitted by Plaintiffs in support of preliminary injunction motion pursuant to Rule 65 of the Federal Rules of Civil Procedure for an order to preserve status quo and enjoining Defendant, its title companies, servicing and sub-servicing agents, representatives, and employees, from taking any and all steps to enforce and execute upon state court foreclosure judgment on the Ceccarelli family apartment, including the transfer of title to any third parties at an auction sale, publication of notice of foreclosure sale and conducting auction sale, or such other adjourned or scheduled dates to conduct the auction sale, pending determination of their TILA claims on the merits, upon the following grounds: 1) the prevention of irreparable harm by proceeding with auction sale and eviction of the Ceccarellis from their family apartment and only residence; 2) the likelihood of success or serious questions that go the merits of the relief sought; and 3) the balancing of the equities in favor of the Ceccarellis; together with such other and further relief as is just and proper.

4. It supplements the Declaration of filed September 11, 2024 (Dkt. no. 1-1) pursuant to leave granted by Order of the Court docketed on September 30, 2024 (Dkt. no, 12).

5. The Court is respectfully referred to the Amended Complaint (Dkt. no. 8) for the full factual background and details involved in the underlying action, which are incorporated by reference and made a part of this Declaration. However, for the convenience of the Court, I add the following overview with respect to the present motion.

**Likelihood of Success or Serious Questions Going to the Merits**
**Under *Exxon Mobil* and Ensuing Second Circuit authority**

6. As more fully demonstrated in the accompanying Memorandum of Law in Support:

7.  In *Exxon Mobil Corp. v Saudi Basic Indus. Corp*., 544 U.S. 280 (2005),[2] the Supreme Court clarified that not all actions dealing with the "same or related question" resolved in state court are barred in federal court. *Id*. at 292. Instead, a district court must retain a case that presents an "independent claim" even if, along the way, the claimant challenges or denies some conclusion reached by the state court. *Id.* at 293 (quoting *GASH Assocs. v. Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993).

8.  The Second Circuit has since followed the *Exxon Mobil* holding in *Hoblock v. Albany County Bd. Elections*, 422 F.3d 77 (2d Cir. 2005) and in *McLamb v County of Suffolk*, 280 Fed. Appx. 107 (2d Cir. 2008).

9. In the matter of hand, it is hard to imagine two federal (Claim One), and state court claims by the Homeowners (Claim Two) that could be more directly related. They both involve, among other things, the same bank note and enforcement of mortgage issued to secure it, the same parties, and the assertion of the same interest rate penalties. setoffs and related damages under TILA regarding them.  (AC, ¶¶ 1-13, 121-22, Claim Two, ¶¶ 160-204).

10. Therefore, it is squarely within the Court's subject matter jurisdiction under the *Exxon Mobile*, *Hoblock* and *McLamb* line of cases to determine the Plaintiffs present motion and issue preliminary injunctive relief on the merits of their claims sounding in fraud under Claim Two in accordance with New York Law under CPLR 5015(a)(3), and the New York's courts equitable or inherent power to set aside state court judgments obtained in their courts through claims sounding in fraud for good cause shown, and in the interests of substantial justice.

---

[2] Prior to *Exxon Mobil*, the general rule that lower federal courts do not have jurisdiction to reverse or modify a state-court judgment prevailed under two prior Supreme Court holdings that had become known as the *Rooker-Feldman* doctrine. *Exxon Mobil*, at 283-84, with the notable exception of those line of cases recognizing collateral attacks on state court judgments based on claims sounding in fraud where the state courts may do so.

11. The claims sounding in fraud in state court by the Defendant Bank through its attorneys is in two separate and material respects.

12. One is the demonstrably false claim that the Bank that it was the "true, sole and lawful" owner of the Ceccarelli Note based on an indorsement to their Note as required under NY UCC 3-202 to show that they were in fact the note holder, when in fact there was none attached to the Summons and Complaint to prove ownership in the Record Evidence on appeal that the Court may take judicial notice of.[3][4] (AC, ¶¶ 171-178).

13. The Bank through attorney's affirmations falsely and repeatedly affirmed pursuant to CPLR 2106 that the Summons and Complaint which they prepared and filed with the state court had attached to it an indorsement to the Ceccarelli Note required to transfer title to the Note at the inception of the action under the NY UCC 3-202, when they did not; a material misrepresentation of operative fact in the lower court and on appeal plainly designed to affect the outcome of the state court foreclosure litigation. (AC, ¶¶ 179-180).

14. But for this material misrepresentation of operative fact under CPLR 5015(a)(3), the plain implication is that both the state lower court and on appeal would have dismissed the foreclosure action for failure to demonstrate that Defendant Bank had standing (real party in interest capacity) to ever have been able to sue as the true, sole and lawful owner of the Ceccarelli Note at the inception of the action based on both state courts' reliance on *Bank of New York Mellon v Knowles*, 151 AD2d 596 (1st Dept. 2017), in ruling against the Plaintiffs Homeowners on the threshold issue of standing. (AC, ¶¶ 181-186).

---

[3] Record Evidence has the meaning ascribed to it in the AC, fn1, p. 6.

[4] It is well-established that courts may take judicial notice of documents available in the public record or integral as here to Plaintiffs Homeowners' TILA and related claims. *See Deans v. Bank of America.,* 2011 WL 5103343 at 1 and 1 n.2 (S.D.N.Y. Oct. 27, 2011 (documents including "public records, such as (Plaintiff Homeowners) litigation history in state court" are "judicially noticeable.") *See also Blue Tree Hotels, Inc v Starwood Hotels & Resorts Worldwide, Inc*., 369 F.3d 212, 217 (2d Cir. 2004) (courts "may also look to public records, including complaints filed in state court in deciding a motion to dismiss").

15. The second prong of claims sounding in fraud asserted against the Bank acting through its attorneys is violation of Rule 3.3(a)(1) of the New York Rules of Professional Conduct which prohibits a lawyer from making a false statement of fact or law to a tribunal or failing to correct a false statement of material fact or law previously made to a tribunal by the attorney. Further, Rule 3.3(a)(3) prohibits a lawyer from offering or using evidence that the lawyer knows to be false. (AC, ¶¶ 187-191).

16. A busy state court with large dockets must be able to rely on the accuracy of the material representations as to submission of relevant evidence before it set forth in affirmations being submitted by the attorneys for the parties pursuant to CPLR 2106.

17. This is especially the case where these representations are based on alleged relevant documentation in its possession that it the attorneys must have had personal knowledge of, where, as here, the Bank's attorneys are the ones that attached relevant note and mortgage documentation to the Summons and Complaint as part of voluminous submissions, much of which was in small print size. (AC, ¶ 99, R. 48-267, 603-606).

18. Remarkably, Defendant Bank when confronted with affidavit testimony of its own cooperating fact and expert witness Michael A Pellegrino, dated February 20, 2020, submitted on behalf of the Ceccarellis in the context of the Homeowners' motion for summary judgment to dismiss the action against the bank on grounds of lack of standing to ever have properly commenced it in the first place, the bank instead doubled down and continued to fail to come forward to correct the Record Evidence in the lower court and on appeal, in violation of Rule 3.3(a)(1) of the New York Rules of Professional Conduct, to say that there was no indorsement signed in blank by an officer or authorized representative of the Defendant Bank attached to the Summons and Complaint pursuant to NY UCC 3-202 required to establish assignment and

5

transfer of title of the Ceccarelli Note to Defendant Bank by physical delivery at the inception of the action. (AC, ¶¶ 188-202)

19. A copy of the Pellegrino Affidavit (R.519-523) is attached as Exhibit 1.

20. The note and assignment are inseparable; the former is essential; the latter is an incident. An assignment of the note carries the mortgage security instrument with it, while an assignment of the latter alone is a nullity." *Carpentar v Longan*, 83 U.S. 271; *Bank of New York v Silverberg*, 86 AD3d 274; *U.S.Bank, N.A.v Collymore*, 68 AD3d 752.

21. In sum, Defendant Bank was not the "true, sole and lawful owner" of the Ceccarelli Note (R.55. ¶25), and without authority to have commenced the foreclosure action based on the mortgage security instrument only in the first place. The state court judgment was therefore improperly procured and should be set aside as null and void ab initio. (AC, Claim Two, ¶¶ 173-203).

WHEREFORE, Plaintiffs' motion for preliminary injunction and related relief should be granted in all respects, together with such other and further relief as is just and proper.

The foregoing is true and accurate to the best of my knowledge, information and belief under the penalties for perjury.

Executed this 15th day of October 2024
New York, New York

s/Joseph J. Ceccarelli