UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH J. CECCARELLI, *et al.*,
                              Plaintiffs,

-v-

MORGAN STANLEY PRIVATE BANK
NATIONAL ASSOCIATION, *et al.*,
                              Defendants.

24-CV-6863 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Plaintiffs Joseph J. Ceccarelli and Susan L. Ceccarelli ("the Ceccarellis") move for reconsideration of this Court's January 24, 2025 Opinion and Order granting the motion of Defendant Morgan Stanley, Private Bank National Association ("Morgan Stanley") to dismiss the Ceccarellis' amended complaint for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and failure to state a claim, Fed. R. Civ. P. 12(b)(6). The Ceccarellis also move to amend their complaint a second time.

**I.     Background**

The Court assumes familiarity with the facts of this case, as set forth in its January 24, 2025 Opinion and Order. *Ceccarelli v. Morgan Stanley Priv. Bank Nat'l Ass'n*, No. 24-CV-6863, 2025 WL 296987, at *1-3 (S.D.N.Y. Jan. 24, 2025).

As for the procedural history related to the present motion, the Ceccarellis moved to reconsider and amend their complaint on February 7, 2025 (ECF No. 32) and filed a supporting memorandum of law on the same date (ECF No. 33 "Mem."). Morgan Stanley opposed the motion on February 19, 2025. (ECF No. 34.) The Ceccarellis replied in further support of their motion on February 28, 2025. (ECF No. 38.)

1

**II.     Reconsideration**

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (quotation marks omitted).  To prevail, the movant must demonstrate either "(1) an intervening change in controlling law; (2) the availability of new evidence[;] or (3) a need to correct a clear error or prevent manifest injustice. *Id.* at 696 (citing *Bergerson v. N.Y. State Off. of Mental Health, Central N.Y. Psychiatric*, 652 F.3d 277 (2d Cir. 2011)); *see also Cioce v. County of Westchester*, 128 Fed. App'x 181, 185 (2d Cir. 2005) (summary order) ("Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). "Importantly, in reviewing motions for reconsideration courts will not tolerate efforts to obtain a second bite at the apple." *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 581 (S.D.N.Y. 2013), *aff'd*, 602 F. App'x 3 (2d Cir. 2015) (summary order) (cleaned up).

The Ceccarellis have not identified any intervening change of law or newly available evidence.  (*See* Mem.)  Rather, as Morgan Stanley put it, "it appears Plaintiffs simply think that the Court did not properly understand their arguments and, therefore, the Court's decision to dismiss the case was incorrect."  (ECF No. 34 at 2.)  After reviewing the Ceccarellis' motion, which largely rehashes the arguments in their amended complaint, the Court does not identify any clear error or manifest injustice that would occur if the motion were denied.

First, the Ceccarellis argue that equitable tolling should apply to their TILA claim. (Mem. at 9.)  The Court addressed this argument and held that because the Ceccarellis' own state court papers, dated July 2018, state that Morgan Stanley "was not the owner and holder of the

2

mortgage and promissory note," the Ceccarellis clearly had notice of the grounds for their TILA claim by at least that time. *Ceccarelli*, 2025 WL 296987, at *7 (quoting ECF No. 20-4 at 5). Neither equitable tolling nor equitable estoppel[1] can prevent the running of a statute of limitations once the impacted party is aware of the grounds for their claim. *See Roeder v. J.P. Morgan Chase & Co.*, 523 F. Supp. 3d 601 (S.D.N.Y. 2021), *aff'd*, No. 21-552, 2022 WL 211702 (2d Cir. Jan. 25, 2022) (summary order) ("To meet the standards for the application of both equitable estoppel and equitable tolling, Plaintiffs must allege that specific actions by Defendants somehow kept them from becoming aware of the existence of a cause of action or from timely bringing suit."). That is why the Court held that, even assuming the TILA one-year statute of limitations should have been tolled, the Ceccarellis "would need to have filed [their] TILA claim by July 2019." *Ceccarelli*, 2025 WL 296987, at *7.

Next, the Ceccarellis argue that collateral estoppel should not apply to their TILA claim. However, the Court held that the doctrine of collateral estoppel applied to the Ceccarellis' contestation of Morgan Stanley's ownership of the mortgage and therefore its standing to foreclose, not to their TILA claim. *See id.* at *5-6. Instead, the Court dismissed the Ceccarellis' TILA claim against Morgan Stanley both under the doctrine of *res judicata*, and, alternatively, due to the one-year statute of limitations discussed above. *See id.* at *6-8.

Finally, the Ceccarellis argue that *res judicata* does not apply to their TILA claims against the unidentified Doe note purchasers (that is, the parties that allegedly purchased the Ceccarellis' mortgage note from Morgan Stanley in 2016 and possibly several times since) because those parties were never joined in the state court action. (Mem. at 15.) However, the

---

[1] The Ceccarellis asserted both equitable estoppel and equitable tolling as affirmative defenses to Morgan Stanley's motion to dismiss. (*See* ECF No. 26 at 20-25.)

Court only dismissed the TILA claim against Morgan Stanley under the doctrine of *res judicata*. *Ceccarelli*, 2025 WL 296987, at *7. The Court dismissed any remaining claims against the unidentified Doe note purchasers because the Ceccarellis had failed to allege any details about the identity of these entities, where and how they purchased the Ceccarellis' mortgage note, and whether any of these transactions were filed within the one-year TILA statute of limitations. *Id.* at *8. The Ceccarellis have added no additional information about these unidentified parties in the present motion, and thus the Court's Rule 12(b)(6) analysis has not changed.

Because the Ceccarellis have failed to identify any adequate grounds on which the Court should reconsider its previous dismissal, their motion is denied.

## III.    Amendment

The Ceccarellis also move to amend their complaint a second time "to the limited extent of further making explicit, what is at minimum already implicit and plainly reserved in the Plaintiffs' briefing," that is that the Ceccarellis seek "the issuance of injunctive relief to preserve the status quo pending the determination of their TILA claims on the merits." (Mem. at 8.)

"Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend shall be freely given when justice so requires, it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (quotation marks omitted). Some of the reasons to deny a motion for leave to amend include "futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court denies the Ceccarellis' motion for leave to amend on the grounds of futility. Even if the Ceccarellis were only seeking a temporary stay of the foreclosure rather than to fully vacate the state court's grant of foreclosure, the same *Rooker-Feldman* and collateral estoppel

doctrines prevent this Court from re-litigating what has already been decided by state trial and appellate courts. *See Ceccarelli*, 2025 WL 296987, at *4-5. After all, for the Ceccarellis to have succeeded on their motion for a preliminary injunction, they must have shown "either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party." *RiseandShine Corp. v. PepsiCo, Inc.*, 41 F.4th 112, 119 (2d Cir. 2022) (quoting *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018)). They have failed to show either.

And further, because the Court has determined that the Ceccarellis' TILA claim against Morgan Stanley is barred both by *res judicata* and TILA's statute of limitations, it would ultimately serve no purpose for the Ceccarellis to amend their complaint to request a stay "pending the determination of Plaintiffs['] TILA damage claim on the merits." (Mem. at 7 (capitalization altered and emphasis omitted).)

## IV.  Conclusion

Plaintiffs' motion for reconsideration and to amend their complaint is therefore DENIED. The Clerk of the Court is directed to close the motion at Docket Number 32.

SO ORDERED.

Dated: March 25, 2025
       New York, New York

_____
J. PAUL OETKEN
United States District Judge